## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PHILADELPHIA INQUIRER, LLC<br>801 Market Street<br>Suite 300<br>Philadelphia, Pennsylvania 19107,<br><br>    Plaintiff,<br><br>vs.<br><br>MIWEC ASSET RECOVERY, INC.,<br>273 Walt Whitman Road<br>Suite 125<br>Huntington Station, New York 11747<br><br>    Defendant. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, The Philadelphia Inquirer, LLC, by and through its undersigned attorneys, Brown McGarry Nimeroff LLC, hereby files this Complaint against Defendant, Miwec Asset Recovery, Inc., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, The Philadelphia Inquirer, LLC (hereinafter "Plaintiff"), is a limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 801 Market Street, Suite 300, Philadelphia, Philadelphia County, Pennsylvania 19107.

2. Upon information and belief, Defendant, Miwec Asset Recovery, Inc. (hereinafter "Defendant"), is a business corporation organized under the laws of the State of New York with a principal place of business located at 273 Walt Whitman Road, Suite 125, Huntington Station, Suffolk County, New York 11747.

3. At all times relevant hereto, Defendant was acting through its agents, servants, and/or employees.

4. This breach of contract action arises out of an Equipment Purchase and Removal Agreement entered into between Plaintiff and Defendant dated April 19, 2021 (hereinafter "Contract"). A true and correct copy of the April 19, 2021, Contract is attached hereto and incorporated herein as **Exhibit "A"**.

5. Pursuant to the payment terms and conditions contained in the Contract, and as set forth in further detail below, Defendant has breached the Contract as it has failed and refused to pay Plaintiff the final payment of $120,000.00 due thereunder (hereinafter "Final Payment"). *See* **Exhibit "A"**, at ¶¶3-4.

## JURISDICTION AND VENUE

6. For diversity purposes, Plaintiff is a citizen of Delaware and Pennsylvania, and Defendant is a citizen of New York. Thus, complete diversity exists between the parties.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. This Court has personal jurisdiction over Defendant because Defendant regularly solicits and transacts business within the Commonwealth of Pennsylvania. Moreover, this action arises from Defendant's business transactions within the Commonwealth of Pennsylvania in that the Contract related to the removal of printing presses and certain other equipment (hereinafter "Equipment") from Plaintiff's premises located at 800 River Road, Conshohocken, Montgomery County, Pennsylvania 19428 (hereinafter "River Road Premises"). *See* **Exhibit "A"**, generally.

9. Pennsylvania law governs this dispute as the Contract provides a choice of law provision that provides: "[T]his Agreement is executed under and pursuant to the laws of the Commonwealth of Pennsylvania and shall be construed as a sealed Agreement." *See* **Exhibit "A"**, at ¶17.

10. Venue properly lies in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district and Plaintiff resides in this district for purposes of venue.

## FACTUAL BACKGROUND

11. On or about April 19, 2021, both Plaintiff and Defendant executed the Contract, which called for Defendant to purchase and remove equipment from Plaintiff's River Road Premises. *See* **Exhibit "A"**, generally.

12. Pursuant to the Contract, Defendant agreed and was obligated to pay Plaintiff a total sum of Four Hundred Eighty Thousand Dollars ($480,000.00) on or before May 12, 2021, in the following installments:

 a. $120,000.00 due on or before Friday, April 23, 2021;

 b. $120,000.00 due on or before Friday, April 30, 2021;

 c. $120,000.00 due on or before Friday, May 7, 2021; and

 d. $120,000.00 due on or before Wednesday, May 12, 2021.

*See* **Exhibit "A",** at ¶¶3-4.

13. Defendant made the first three installment payments totaling $360,000.00, but has failed and refused to make the Final Payment to Plaintiff in breach of the Contract.

14. On or about May 28, 2021, Defendant's employee, Sujay Joshi (hereinafter "Joshi"), sent email correspondence to Plaintiff advising that the final check owed to Plaintiff

was sent via Federal Express, Tracking No. 7738 6111 0149. A true and correct copy of the Email Correspondence between the Parties is attached hereto and incorporated herein as **Exhibit "B"**.

15. On or about June 2, 2021, Andrew Harrison (hereinafter "Harrison"), Plaintiff's Chief Financial Officer and Chief Operating Officer, sent email correspondence to Joshi requesting confirmation that the final payment was sent as Plaintiff had not yet received the payment and there were no Federal Express updates. *See* **Exhibit "B".**

16. On or about June 4, 2021, Harrison sent another email to Joshi and to Defendant's Chief Operating Officer, Rino Rotondo (hereinafter "Rotondo"), requesting an update on the status of the payment as it had not yet been received and the Federal Express tracking number indicated that the status was "Pending". *See* **Exhibit "B"**.

17. On or about June 15, 2021, Harrison sent another email to Joshi, Rotondo and another of Defendant's employees, requesting update and confirmation related to the Final Payment as Plaintiff had not received the payment and the Federal Express tracking number indicated no activity. *See* **Exhibit "B"**.

18. On June 30, 2021, Harrison sent email correspondence to Defendant, following up on a phone conversation that took place on June 29, 2021, requesting that a confirmation of the Final Payment be provided to Plaintiff as promised in the June 29, 2021 phone conversation. *See* **Exhibit "B"**.

19. Following the June 30, 2021 correspondence, Plaintiff did not receive the Final Payment, nor did Defendant provide any confirmation that the Final Payment was sent to Plaintiff.

20. On July 7, 2022, counsel for Plaintiff sent correspondence to Defendant, advising that Plaintiff had retained counsel to represent Plaintiff's interests related to Defendant's breach of the Contract. A true and correct copy of the July 7, 2022 Correspondence is attached hereto and incorporated herein as **Exhibit "C".**

21. Plaintiff's counsel made a formal demand to Defendant that if the Final Payment owed to Plaintiff pursuant to the Contract was not received on or before July 31, 2022, Plaintiff would initiate legal proceedings to recover the Final Payment from Defendant. *See* **Exhibit "C"**.

22. To date, Defendant has failed to respond to Plaintiff's July 7, 2022 demand for the Final Payment owed to Plaintiff pursuant to the Contract.

23. At all times relevant hereto, Plaintiff has acted in good faith to resolve this issue with Defendant and is in no way responsible for Defendant's failure to submit the Final Payment pursuant to the Contract.

24. As of the date of this filing, Defendant has failed and refused to make the final payment of $120,000 to Plaintiff.

## COUNT I—BREACH OF CONTRACT
### Plaintiff v. Defendant

25. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein at length.

26. As set forth above, on April 19, 2021, Plaintiff and Defendant entered into the Contract, and in so doing, agreed to the terms and conditions set forth therein. *See* **Exhibit "A"**.

27. The Contract provides that "[T]his Agreement sets forth the entire agreement between the parties…" and "[T]his Agreement shall not be modified, amended or terminated except by written instrument to by [Plaintiff] and [Defendant]." *See* **Exhibit "A"**, at ¶17.

28. Both Plaintiff and Defendant executed the Contract on or about April 19, 2021. *See* **Exhibit "A"**, at page 9.

29. Plaintiff has fulfilled all of its obligations under the terms of the Contract.

30. Despite Plaintiff abiding by all terms of the Contract, Defendant has failed to comply with its obligations under the Contract.

31. While Defendant has removed the equipment from the River Road Premises, and made the first three installment payments to Plaintiff, Defendant has breached the Contract by failing to make the Final Payment of $120,000.00 as set forth in the Contract. *See* **Exhibit "A"**, at ¶¶3-4.

32. Further, Defendant has acknowledged that it has an obligation to make the Final Payment to Plaintiff as evidenced in the email correspondence between the Parties. *See* **Exhibit "B"**.

33. As a direct and proximate cause of Defendant's breach of the Contract, Plaintiff has incurred damages of $120,000.00, plus interest.

**WHEREFORE**, Plaintiff, The Philadelphia Inquirer, LLC, respectfully requests this Honorable Court enter judgment in its favor and against Defendant, Miwec Asset Recovery, Inc., in the amount stated above together with interest, attorney's fees, costs of suit, and such other relief as this Honorable Court deems just and proper.

                                                         **BROWN McGARRY NIMEROFF LLC**

DATE: August 31, 2022        BY:   ***/s/ Raymond McGarry***
                                                          Raymond McGarry, Esquire
                                                          Patrick J. Brennan, Esquire
                                                          Two Penn Center
                                                          1500 John F. Kennedy Boulevard
                                                          Suite 610
                                                          Philadelphia, PA 19102
                                                          Phone: 267-761-9065
                                                          Facsimile: 267-350-9050
                                                          Email: rmcgarry@bmnlawyers.com
                                                          Email: pbrennan@bmnlawyers.com
                                                          *Attorneys for Plaintiff,*
                                                          *The Philadelphia Inquirer, LLC*